FRICK v. COE, Com'r of Patents.
Nos. 64580, 64581.

District Court of the United States for the District of Columbia.
May 15, 1939.

Harold T. Stowell, of Washington, D. C. (Charles H. Potter, of Washington, D. C., of counsel), for plaintiff.

R. F. Whitehead, of Washington, D. C., for the Commissioner of Patents.

LUHRING, Associate Justice.

This is a proceeding under Section 4915, R.S., Tit. 35, § 63, U.S.C.A. and involves two patent applications, viz., numbers 411,-987 and 523,951, having to do respectively with "Improvement in Paints" and "Improvement in Coating Compositions." The cases have been consolidated for hearing because substantially similar issues are presented.

Equity No. 64,580 deals with patent application No. 411,987. This invention relates to new paints and their use for producing colored surfaces on materials of various kinds. Particularly it concerns suspensions of inorganic and organic color pigments in an aqueous emulsion of a resinous body in the presence of a suitable emulsifying agent.

Equity No. 64,581 deals with patent application No. 523,951. This invention relates to improvements in coating compositions especially for purposes of priming or surfacing absorbent foundations. In accordance with this invention, coatings for proofing and filling up the irregularities in absorbent foundations such as wood, natural and artificial stones, felt and fibrous masses of all kinds are produced by means of compositions in which as the binding agent are employed aqueous emulsions of resin-like to oily artificial condensation products of a drying nature containing the radicals of a polyhydric alcohol, a polybasic acid and a monobasic carboxylic acid containing several unsaturated linkages.

In Equity No. 64,580, the plaintiff has withdrawn Claims A, B, C, D, E, F, G, I, K, N and P, leaving for consideration here, Claims H, L, M, O, Q, R, S and T.

As generally illustrative of the claims to be considered, Claims H, M and R in Equity No. 64,580 may be cited as follows:

"H. As a new composition of matter a paint comprising a color pigment finely divided in an aqueous emulsion of a synthetic resin containing the radicals of a polyhydric alcohol, a polybasic acid, and an unsaturated fatty acid of the drying type, and an emulsifying agent."

"M. As a new composition of matter a paint comprising a color pigment finely divided in an aqueous emulsion of a synthetic resin containing the radicals of glycerol, phthalic acid and linoleic acid and the saponification product of bleached montan wax with ammonia."

"R. A paint composition comprising a color pigment suspended in an aqueous emulsion of a condensation product of a polyhydric alcohol, a polybasic acid and an unsaturated fatty acid of an oil selected from the group consisting of linseed oil and China wood oil."

As noting the similarity of claims, reference is made to Claim I of Equity No. 64,581, as follows:

"I. A composition of matter comprising a filler and a binder comprising an aqueous emulsion of a condensation product of a polyhydric alcohol, a polybasic acid and an unsaturated fatty acid of an oil selected from the group consisting of linseed oil and China wood oil."

The claims were rejected by the Primary Examiner and his rejection was affirmed by the Board of Appeals of the Patent Office on the ground that the claims were unpatentable over the prior art. The references relied upon by the defendant are as follows:

Arsen, 1,098,776, June 2, 1914.

Brown, 1,673,797, June 19, 1928.

Bradley, 1,722,554, July 20, 1929.

Cheetham, 1,855,384, Apr. 26, 1932.

Kienle, 1,893,873, Jan. 10, 1933.

Murray, et al., 1,970,572, Aug. 21, 1934.

French patent, 616,463, Oct. 29, 1936.

Kirschbraun, 1,691,765, Nov. 13, 1928.

Arsen, Kienle, and the French patent all describe modified alkyd resins. Kienle describes the preparation of modified alkyd resins from gylcerine, phthalic anhydride and the acids of China wood oil (tung oil) or eleostearic or linoleic acids.

Bradley discloses an aqueous emulsion of an alkyd resin and suggests that various fillers and pigments may be added thereto.

Cheetham and Brown indicate that aqueous emulsions of phenol resins are old, and, as disclosed in those patents, pigments and fillers may be added.

The *Solicitor of the Patent Office*, stating the grounds of objection to the claims, said: "These things relate to aqueous emulsion paint, an emulsion of resin. It was not new to make this particular resin which Frick used. * * * That was old. It was not new to make an emulsion of a similar resin; nor was it new to make an aqueous paint. Therefore, the position of the Patent Office was that it lacked invention to do with this old resin what was done in the Bradley patent with another resin, and to add, in the one case, a pigment to make a paint, and in the other a filler."

In discussing the Brown and Cheetham patents, Mr. Harold C. Cheetham, the inventor of the Cheetham patent, stated that paint compositions could not be made by adding pigments to the phenolic resin emulsions of those patents, and this he demonstrated by Plaintiff's Exhibits 13 to 16 inclusive. The reason is that "the resin in this case requires heat and pressure to convert it to its final usable form, and if *that heat and pressure are not applied the* resin remains soluble, easily attacked by water, dilute alkalies, soap solutions and *so forth, and so could not be spread upon* a surface and allowed to air dry to obtain a usable composition."

Attempts to make paint compositions from the emulsified solutions of the Bradley resins met with failure.

The resins of the Kienle and French patents are of the general type used by the plaintiff Frick in making his paint compositions. However, these patents do not suggest the formation of aqueous emulsions of the resins described.

The Murray patent described aqueous emulsions of cellulose ester lacquers. The organic solvents cannot be eliminated from the Murray composition, and if they were, the cellulose ester would no longer have film forming properties when the water evaporated.

The Kirschbraun patent describes pigmented asphalt emulsions. Regardless of the quantity of pigment used, only very dark colors may be obtained. This is due to the bitumen or asphalt.

In a special circular issued by the Scientific Section of the National Paint, Varnish and Lacquer Association on the subject of emulsified alkyd resin coating compositions, it is stated: "They appear to give finishes which have the advantage shown by casein paints, namely, no odor of oils or solvents, since water is the thinning medium in place of mineral spirits or turpentine. In addition, upon drying they form films which are very washable, thus having a great advantage over casein paint in this direction. When properly made, they have great ease of application, so that surfaces may be covered quickly with the minimum of labor. This, together with their speed of drying, offers very interesting possibilities for interiors of homes, apartment houses, hotels, and similar buildings." This circular was prepared by Dr. Henry A. Gardner, who for thirty years has been carrying on work in paint and varnish chemistry, and who has made practical tests of these paints.

As we have pointed out, the Kirschbraun patent has to do with asphalt emulsions or similar material, which are very dark in color. They do not dry on exposure to air. If any other type of paint is placed over it, it dissolves and softens up, and the material comes through, giving a dark colored effect. The Frick compositions dry quickly, become hard in the air, and after that are not soluble, either in water or in the solvents used in the ordinary paints.

The new compositions of the Frick invention present a new and unexpected result, and the court is of the opinion that

the claims here presented define a patentable advance over the art of record, and should be allowed.

Counsel will prepare and submit formal findings of fact and conclusions of law in both Equity No. 64,580 and Equity No. 64,581 in accord with the views here expressed, and orders in each case authorizing the Commissioner of Patents to allow the claims presented.